UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MILES RIJPER GREENIDGE,

                       Plaintiff,

         -against-

MICHAEL MCGUIRE, SALVATORE PROVENZANO, CARL RORDAMEL, NICOLAOS TJORTJOGLOU, MATTHEW MILLER, JILLIAN FLANAGAN, , AND JOHN DOES #1-9,

                      Defendants.

------------------------------------------------------------x

**ANSWER TO AMENDED COMPLAINT**

23 Civ. 9702 (KPF)

**JURY TRIAL DEMANDED**

        Defendants Michael McGuire, Salvatore Provenzano, Carl Roadarmel, Nicolaos Tjortjoglou, Matthew Miller, and Jillian Flanagan for their Answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in the paragraph "2" of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in parenthetical portion of paragraph "2" of the Amended Complaint.

        3. Deny the allegations set forth in paragraph "3" of the Amended Complaint.

        4. Deny the allegations set forth in the first sentence of paragraph "4" of the Amended Complaint, except admit that plaintiff was lawfully arrested and charged with, *inter alia*, robbery in the first degree and assault in the second degree.

        5. Deny the allegations set forth in the first sentence of paragraph "5" of the Amended Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in the first sentence of paragraph "7" of the Amended Complaint, except admit that plaintiff was lawfully arrested in within New York County, New York.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Officer McGuire is an employee of the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Officer Provenzano is an employee of the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that (Retired) Detective Roadarmel was an employee of the New York City Police Department on August 10, 2020.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Officer Miller is an employee of the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that Officer Flanagan is an employee of the New York City Police Department.

13. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that Officer Tjortjoglou is an employee of the New York City Police Department.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint as they pertain to unidentified defendants.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

19. State that the allegations set forth in paragraph "19" of the Amended Complaint are not averments of fact that require a response.

20. State that the allegations set forth in paragraph "20" of the Amended Complaint are not averments of fact that require a response. To the extent that a response is required, defendants respectfully refer the Court to defendants answers to the complaint in *Lucas Rijper-Greenidge v. McGuire, et al.*, 23-CV-6980 (KPF).

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, and respectfully refer the Court to the pleading cited therein for a statement of its allegations.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. State that the allegations set forth in paragraph "36" of the Amended Complaint are not averments of fact that require a response.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint, except admit that defendants McGuire, Roadarmel, Tjortjoglou, and Provenzano arrived at 2307 Broadway in response to several 911 calls reporting armed robbery and assault.

38. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "38" of the Amended Complaint, except admit that at some time after McGuire, Roadarmel, Tjortjoglou, and Provenzano arrived at 2307 Broadway, they observed that plaintiff and several other individuals had paint on them.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint, and state that plaintiff has no good faith basis for alleging that plaintiff and his brother were the only two Black men on the scene when police arrived.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint, except admit that two tasers were pointed only at *plaintiff's brother*, Lucas.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint, except admit that Detective Roadarmel pointed his service weapon only at *plaintiff's brother*, Lucas, while plaintiff's brother refused several instructions to get on the ground.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint, except admit that plaintiff raised his hands after at least three instructions to get on the ground, plaintiff's brother had his hands in the air while holding several papers in each hand, and plaintiff got on the ground only after his brother was tased.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint, except admit that Officer McGuire lawfully tased plaintiff's brother, Lucas, and deny knowledge

or information sufficient to form a belief as to the truth of the allegations as they pertain to an unidentified defendant.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint as they pertain to an unidentified defendant, except admit that Officer McGuire unholstered his taser immediately before walking into 2307 Broadway.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended Complaint as they pertain to an unidentified defendant, except admit that Officer McGuire was "shocked" by his own taser.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint, and respectfully refer the Court to the video footage cited therein for an accurate depiction of its contents.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint, except admit that "officers can only rely on the facts in front of them in making an arrest."

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Amended Complaint, and respectfully refer the Court to the video footage cited therein for an accurate depiction of its contents.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint, and respectfully refer the Court to the video footage cited therein for an accurate depiction of its contents.

67. Deny the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint, except admit that plaintiff and his brother were lawfully arrested.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint, except admit that one of the defendants called Emergency Medical Services to transport him *plaintiff's brother* a hospital for medical attention.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72. Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint, except admit that plaintiff was transported to the 20th Police Precinct.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Amended Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Amended Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Amended Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Amended Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Amended Complaint, except admit that plaintiff and his brother were transported to Manhattan Central Booking.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Amended Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Amended Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Amended Complaint, except deny the allegations that standing in the hospital "result[ed] in heavy bruising and cuts on [plaintiff's] arms and legs."

86. Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Amended Complaint, except admit that Officer Flanagan left the hospital while plaintiff and Officer Miller were still there.

89. Deny the allegations set forth in paragraph "89" of the Amended Complaint, except admit that plaintiff was transported back to Central Booking and charged at arraignment with robbery in the first degree.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Amended Complaint.

91. Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92. Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93. Deny the allegations set forth in paragraph "93" of the Amended Complaint, and respectfully refer the Court to the criminal complaint cited therein for an accurate statement of its contents.

94. State that the allegation set forth in paragraph "94" of the Amended Complaint—which reads, in its entirety, "Not so."—is not a complete sentence that can be admitted or denied. To the extent that paragraph "94" of the Amended Complaint is construed to allege that plaintiff did not *actually* attempt to "flee" the scene when he ran toward the exit, defendants deny knowledge or information sufficient to form a belief as to the truth of that allegation.

95. Deny the allegations set forth in paragraph "95" of the Amended Complaint, and respectfully refer the Court to the video footage cited therein for an accurate depiction of its contents.

96. Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97. Deny the allegations set forth in paragraph "97" of the Amended Complaint, and respectfully refer the Court to the criminal complaint cited therein for an accurate statement of its contents.

98. State that the allegation set forth in paragraph "98" of the Amended Complaint—which reads, in its entirety, "Again, not so."—is not a complete sentence that can be admitted or denied. To the extent that paragraph "98" of the Amended Complaint is construed to allege that plaintiff did not *actually* punch Mr. Spanos in the face, defendants deny that allegation.

99. Deny the allegations set forth in paragraph "99" of the Amended Complaint, and respectfully refer the Court to the video footage cited therein for an accurate depiction of its contents, which clearly depicts plaintiff punching Mr. Spanos in the face.

100. Deny the allegations set forth in paragraph "100" of the Amended Complaint.

101. State that the allegation set forth in paragraph "101" of the Amended Complaint—which reads, in its entirety, "He had not."—is not a complete sentence that can be admitted or denied.

102. Deny the allegations set forth in paragraph "102" of the Amended Complaint, and respectfully refer the Court to the criminal complaint cited therein for an accurate statement of its contents.

103.  State that the allegation set forth in paragraph "103" of the Amended Complaint—which reads, in its entirety, "Again, not so."—is not a complete sentence that can be admitted or denied.  To the extent that paragraph "103" of the Amended Complaint is construed to allege that plaintiff did not *actually* steal or participate in the theft of a cell phone, defendants deny knowledge or information sufficient to form a belief as to the truth of that allegation.

104.  Deny the allegations set forth in paragraph "104" of the Amended Complaint, and respectfully refer the Court to the document cited therein for an accurate statement of its contents.

105.  Deny the allegations set forth in paragraph "105" of the Amended Complaint.

106.  Deny the allegations set forth in paragraph "106" of the Amended Complaint.

107.  Deny the allegations set forth in paragraph "107" of the Amended Complaint.

108.  Deny the allegations set forth in paragraph "108" of the Amended Complaint.

109.  Deny the allegations set forth in paragraph "109" of the Amended Complaint.

110.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Amended Complaint, except deny the allegation that the charges brought against plaintiff were "falsified."

111.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Amended Complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Amended Complaint.

113. Deny the allegations set forth in paragraph "113" of the Amended Complaint.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Amended Complaint.

115. In response to the allegations set forth in paragraph "115" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the Amended Complaint, except admit that plaintiff was lawfully arrested.

117. Deny the allegations set forth in paragraph "117" of the Amended Complaint.

118. Deny the allegations set forth in paragraph "118" of the Amended Complaint, except admit that plaintiff was lawfully arrested.

119. Deny the allegations set forth in paragraph "119" of the Amended Complaint.

120. Deny the allegations set forth in paragraph "120" of the Amended Complaint.

121. In response to the allegations set forth in paragraph "121" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

122. Deny the allegations set forth in paragraph "122" of the Amended Complaint.

123. Deny the allegations set forth in paragraph "123" of the Amended Complaint.

124. Deny the allegations set forth in paragraph "124" of the Amended Complaint.

125. In response to the allegations set forth in paragraph "125" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

126. Deny the allegations set forth in paragraph "126" of the Amended Complaint.

127. Deny the allegations set forth in paragraph "127" of the Amended Complaint.

128. Deny the allegations set forth in paragraph "128" of the Amended Complaint.

**AS FOR A FIRST AFFIRMATIVE DEFENSE**:

129. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND AFFIRMATIVE DEFENSE:**

130. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant McGuire, Provenzano, Roadarmel, Tjortjoglou, Miller, or Flanagan.

### AS FOR A THIRD AFFIRMATIVE DEFENSE:

131. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any acts of Congress providing for the protection of civil rights.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE:

132. Plaintiff provoked any incident.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE:

133. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE:

134. Defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, Miller, and Flanagan have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE:

135. Defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, Miller, and Flanagan have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE:

136. Plaintiff has failed to mitigate his alleged damages.

### AS FOR A NINTH AFFIRMATIVE DEFENSE:

137. Defendants Miller and Flanagan had no personal involvement in plaintiff's arrest or prosecution.

### AS FOR A TENTH AFFIRMATIVE DEFENSE:

138. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, Miller, and Flanagan request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
                June 12, 2024

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, Miller, and Flanagan*
100 Church Street, Rm. 3-189
New York, New York 10007
(212) 356-2262 | egottste@law.nyc.gov

By:   *Evan J. Gottstein*   /s/
       Evan J. Gottstein
       Assistant Corporation Counsel
       Special Federal Litigation Division

cc:    **By ECF**
       J. Remy Green, Esq.
       Gideon Orion Oliver, Esq.
       *Attorneys for Plaintiff*