

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **EVAN J. GOTTSTEIN** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Senior Counsel*<br>(212) 356-2262<br>egottste@law.nyc.gov |

May 15, 2025

**By ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Lucas Rijper Greenidge v. McGuire, et al.</u>, 23-CV-9702 (KPF)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney for defendants in the above referenced action. Defendants write, pursuant to the Court's April 14, 2025 Notice of Initial Pretrial Conference in *Pro Se* Action, ahead of the initial telephonic conference scheduled for May 22, 2025, at 12:00 p.m.

      **(1) A brief statement of the nature of the action and the principal defenses thereto;**

      Plaintiff brings this action under 42 U.S.C. § 1983 alleging claims of false arrest, denial of the right to a fair trial, and excessive force, stemming from an arrest from August 10, 2020. Defendants' principal defenses include, but are not limited to: (1) there was probable cause for plaintiff's arrest; (2) no force was used against plaintiff by any defendant, especially none that was excessive under the circumstances; (3) defendants did not fabricate any evidence; and at a minimum, (4) defendants are entitled to qualified immunity.

      **(2) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.** *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, **213 F.3d 48 (2d Cir. 2000).**

Plaintiff alleges that jurisdiction arises under 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983, and he alleges that venue lies in this Court under 28 U.S.C. § 1391, *et seq.*, "where Plaintiff resides, and where the claims arose." *See* Compl. ¶¶ 17-18. Defendants do not contest jurisdiction or venue but note that 28 U.S.C. §§ 1343 and 1367 are not applicable to this case.

**(3) A statement of all existing deadlines, due dates, and/or cut-off dates;**

There are currently no existing deadlines, due dates, or cut-off dates in this case.

**(4) A brief description of any outstanding motions;**

There are no currently outstanding motions in this case.

**(5) A brief description of any discovery that has already taken place (including any discovery pursuant to S.D.N.Y. Local Rule 33.2) and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations; and**

The parties have exchanged limited document discovery pursuant to SDNY Local Civil Rule 83.10 (formerly the Section 1983 Plan), including, among other things, body-worn camera ("BWC") footage, surveillance video footage captured within the location of the underlying incident, arrest paperwork, and sprint reports. Defendants believe that plaintiff's deposition will need to be completed before meaningfully discussing settlement.

**(6) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Defendants maintain that the video evidence in this case is fully dispositive of all of plaintiff's claims, as it shows that there was probable cause to arrest plaintiff based on statements by complaining victims, there was no force used against plaintiff by any defendants, and none of the actions attributed to plaintiff in the criminal court complaint were objectively false.

Defendants thank the Court for its time and consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*          /s/
Evan J. Gottstein
*Senior Counsel*
Special Federal Litigation Division

cc:   *All Counsel of Record* (Via ECF)